**Bennie JACKSON, Appellant,**

v.

**MISSOURI STATE TRAINING SCHOOL AND HOSPITAL, Appellee.**

No. 83–1026.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 9, 1983.

Decided Aug. 16, 1983.

Bennie Jackson, pro se.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, ROSS, and ARNOLD, Circuit Judges.

PER CURIAM.

Bennie Jackson appeals pro se from an order of the District Court[1] entering summary judgment in favor of defendant Missouri State Training School and Hospital (currently the St. Louis State School and Hospital).[2] We affirm.

Jackson, a black man, brought this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* claiming that the defendant, his former employer, knowingly provided false and racially discriminatory character references to subsequent actual and prospective employers, resulting in the loss of employment. Specifically, Jackson alleged that the defendant told his subsequent employer, the Kroger Company of Elkhart, Indiana (Kroger), and a potential employer, the City of St. Louis, that he was fired from his job with defendant because he had been convicted of shooting a white man at a drug party. According to Jackson, Kroger fired him upon receiving this information, and the City of St. Louis refused to consider him for a job for which he had applied. Jackson sought monetary damages and injunctive and declaratory relief.

The District Court referred this matter to United States Magistrate David D. Noce under 28 U.S.C. § 636(b)(1)(B). Defendant thereafter moved for summary judgment, stating that the only information it provided to Kroger was a verification of employment. Defendant maintained that it never provided any information to the City of St. Louis concerning Jackson, and that it had never been requested to supply such information. In support of these contentions, defendant filed detailed supporting affidavits from defendant's personnel officer and personnel officials of Kroger and the City of St. Louis. After several months passed without a response from Jackson to defendant's motion for summary judgment, the magistrate recommended that the District Court grant the motion.

Jackson immediately filed an objection to the magistrate's report and recommendation, together with a reply to the motion for summary judgment and an affidavit. The District Court adopted the magistrate's report and recommendation and ordered Jackson's reply and affidavit stricken from the record as untimely. On Jackson's motion for reconsideration, the District Court reinstated the stricken material and granted

---

1. The Hon. William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Jackson also claims that the District Court erred in permitting defendant to file its answer out of time under Fed.R.Civ.P. 6(b)(2). Because this issue is raised for the first time on appeal, we do not consider it here. In any event, Jackson was not prejudiced by the trial court's action.

summary judgment in favor of defendant on the basis of the entire record.

In reviewing a grant of summary judgment, this court must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences drawn from facts disclosed in affidavits and other evidence filed in the case. *Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir. 1980); Fed.R.Civ.P. 56(c). Examination of the affidavits filed by both parties on the motion for summary judgment reveals that there was no genuine issue of fact, either as to the defendant's actually circulating the derogatory information about Jackson, or as to any racial motive. Jackson's affidavit merely reiterated his claims without disputing by specific facts the statements contained in the affidavits submitted by defendant.

Accordingly, the judgment of the District Court is affirmed.